**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:19-cv-00141-MR**
**BANKRUPTCY CASE NO. 1:18-bk-40079**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **BERNICE ELOISE COLE,** ) | |
| ) | |
| **Debtor,** ) | **O R D E R** |
| _____ ) | |
| ) | |
| **BERNICE ELOISE COLE,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **JOHN W. BALLARD, KEMPER L.** ) | |
| **COLBERT, and FREDERICK L.** ) | |
| **HENDERSON, JR.,** ) | |
| ) | |
| **Appellees.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Notice of Appeal of Bernice

Eloise Cole [Doc. 1].

**I.     PROCEDURAL BACKGROUND**

On February 26, 2018, Bernice E. Cole (the "Appellant") filed a

voluntary Chapter 7 petition.  [Doc. 11-1 at 20].  In that petition, the Appellant

filed Bankruptcy Schedules that detailed her assets and liabilities and stated

that she was insolvent because her liabilities exceed her assets. [Id. at 71, 154].

Frederick L. Henderson, Jr. (the "Trustee") was appointed as the Chapter 7 trustee. [Id. at 262]. On December 12, 2018, the Trustee filed a Motion for Authorization and Confirmation of Private Sale of Interests in Real Property and Limited Liability Company Free and Clear of Liens, Interests, Claims, and Encumbrances (the "Sale Motion"). [Id. at 171-84]. In the Sale Motion, the Trustee requested the Bankruptcy Court's authorization to sell several parcels of real property and the 100% interest in a single-member limited liability company from the Appellant's bankruptcy estate to John W. Ballard, III ("Ballard"). [Id. at 196-98]. Specifically, the Trustee asked the Bankruptcy Court to approve the sale of the Property, authorize the Trustee to conduct a private sale of the Property and make disbursements on the terms set for in the Sale Motion, and to make a finding that Ballard or his assigns is a "good faith purchaser" pursuant to 11 U.S.C. § 363(m). [Id. at 200].

On December 31, 2018, the Appellant filed a Motion to Dismiss the Bankruptcy Case (the "Dismissal Motion") [Id. at 185-91] and a Response and Request for Hearing to the Sale Motion [Id. at 192-95]. On March 28,

2019, Ballard filed a Response to the Dismissal Motion [Id. at 253-54], and a Reply to the Appellant's Response to the Sale Motion [Id. at 255-60].

On March 29, 2019, the Bankruptcy Court held a hearing on the Sale Motion, the Dismissal Motion, and other pending matters.  On April 15, 2019, the Bankruptcy Court entered an Order granting the Sale Motion, denying the Dismissal Motion, and denying the Withdrawal Motion.  [Doc. 1 at 8-14] (the "Bankruptcy Court Order").  Specifically, the Bankruptcy Court approved and confirmed the private sale of the Property, authorized the Trustee to sell the Property at private sale to Ballard, and found that Ballard or his assigns were a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).  [Doc. 11-1 at 262-65].

The Appellant did not seek or obtain a stay of the Bankruptcy Court's Order pending appeal.  On July 14, 2019, the Trustee filed a Report of Sale in which he stated that, pursuant to the Bankruptcy Court's Order, he had completed the sale of the property to Ballard as described in that Order. [Id. at 282-307].

## II.    STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a).  Courts in this circuit apply two standards of review for bankruptcy appeals: "The Bankruptcy Court's

conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error." Campbell v. Hanover Ins. Co., 457 B.R. 452, 456 (W.D.N.C. 2011) (Mullen, J). "Typically, mixed questions of law and fact are also reviewed de novo." Suntrust Bank v. Den-Mark Const., Inc., 406 B.R. 683, 686 (E.D.N.C. 2009); see In re Litton, 330 F.3d 636, 642 (4th Cir. 2003). When a bankruptcy appellant proceeds *pro se*, her filings are entitled to liberal construction. In re Jenkins, 784 F.3d 230, 235 n.3 (4th Cir. 2015).

## III. DISCUSSION

### A. Standing

Standing to appeal an order from a bankruptcy court requires the appellant to "be a 'person aggrieved'—one who has been 'directly and adversely affected peculiarly'—by the bankruptcy order." Pavlock v. Sheehan, No. 1:16CV39, 2016 WL 3960505, at *4 (N.D.W. Va. June 20, 2016), report and recommendation adopted, No. 1:16CV39, 2016 WL 3963027 (N.D.W. Va. July 21, 2016) (quoting In re Urban Broadcasting Corp., 401 F.3d 236, 244 (4th Cir. 2005) (citation omitted)). "Chapter 7 debtors rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." Id. (quoting In re Cult Awareness Network, Inc., 151 F.3d 605, 607–08 (7th Cir. 1998)). Typically, Chapter 7 debtors will only have standing to

contest claims in a surplus case, where they may receive some assets after the sale.  See Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir. 1985).

The Appellant is a Chapter 7 debtor who is insolvent because her liabilities exceed her assets.  [Doc. 11-1 at 20].  As such, this is not a surplus case because the Appellant would not receive any assets following the sale of her estate.  [Id. at 71, 154].   Accordingly, the Appellant has no pecuniary interest in the Bankruptcy Court's Order approving the sale of her assets. Because the Appellant has no pecuniary interest in the Bankruptcy Court's Order, she lacks standing to appeal that Order and her appeal must be dismissed.

### B.    Mootness

Even if the Appellant had standing to bring her claims, her appeal would still have to be dismissed as moot because the Appellant failed to obtain a stay of the Bankruptcy Court's Order and the property in question has already been sold to a good faith purchaser.

"The Fourth Circuit has found on several occasions that the failure to obtain a stay of an approved sale can moot a bankruptcy appeal."  Pittman v. Johnson, No. 3:15-CV-00260-GCM, 2015 WL 7738392, at *3 (W.D.N.C. Dec. 1, 2015) (Mullen, J.) (citing Willemain, 764 F.2d at 1023; Matter of Nat'l Homeowners Sales Serv. Corp., 554 F.2d 636, 637 (4th Cir. 1977).  Under

11 U.S.C. § 363(m), a debtor's failure to obtain a stay of the Bankruptcy Court's order can moot an appeal when the "property was sold to a good faith purchaser . . . who acted in good faith, gave value, and had no knowledge of any adverse claims." <u>Willemain</u>, 764 F.2d at 1021. The Fourth Circuit has set out a four-factor test for determining whether a bankruptcy appeal is moot:

> (1) whether the appellant sought and obtained a stay; (2) whether the . . . equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the . . . equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

<u>Mac Panel Co. v. Va. Panel Corp.</u>, 283 F.3d 622, 625 (4th Cir. 2002); <u>In re U.S. Airways Grp., Inc.</u>, 369 F.3d 806, 809 (4th Cir. 2004).[1]

Here, each of the relevant factors weighs in favor of finding that Appellant's claims are moot. First, Appellant did not seek a stay of the Bankruptcy Court's Order approving the sale. Second, the sale described and approved by the Bankruptcy Court's Order has already occurred. Third, the relief that the Appellant requests would completely reverse the

---

[1] While <u>Mac Panel Co.</u> and <u>In re U.S. Airways</u> involved Chapter 11 bankruptcy proceedings, the Fourth Circuit has applied the same test in the Chapter 7 bankruptcy context. <u>See, e.g.</u>, <u>In re Shawnee Hills, Inc.</u>, 125 F. App'x 466 (4th Cir. 2005) (per curiam) (unpublished); <u>In re Fraidin</u>, 124 F. App'x 212 (4th Cir. 2005) (per curiam) (unpublished).

Bankruptcy Court's Order by reversing the sale. Finally, if the Appellant were to receive her requested remedy, the burden would largely fall on Ballard, who was declared a good faith purchaser under 11 U.S.C. § 363(m) by the Bankruptcy Court's Order and who has already taken possession of the property as described and approved by that Order.

For all these reasons, the Court finds that the Appellant's claim is moot. As such, the Appellant's appeal must be dismissed.[2]

## O R D E R

**IT IS, THEREFORE, ORDERED** that this appeal is hereby **DISMISSED**. The Clerk of Court is respectfully directed to close this case.

Signed: March 9, 2020

Martin Reidinger
United States District Judge

---

[2] Having found that this appeal must be dismissed because the Appellant lacks standing and because the appeal is moot, the Court need not address the other arguments raised by the Appellees.